UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THE UNITED STATES OF AMERICA

**Hon. Hugh B. Scott**

13CR037A

v.

**Report
&
Recommendation**

Reginald Brown,

Defendant.

Before the Court is the defendant's motion to suppress the statement he made on January

10, 2013 (Docket No. 23).

**Background**

The defendant, Reginald Brown ("Brown")  was indicted by the Grand Jury for the

Western District of New York on February 6, 2013, which charged him with two counts of

possession with the intent to distribute cocaine in violation of 21 U.S.C. §§841(a)(1) and

841(b)(1)(C).

**Suppression of Statements**

The defendant seeks to suppress a statement he allegedly made to law enforcement agents

on January 10, 2013. (Docket No.  23).   A suppression hearing was held on August 5, 2014.

1

Daniel Bradley, a Special Agent with the Federal Bureau of Investigation ("FBI") testified that Brown had been targeted as part of a drug-trafficking investigation. On January 9, 2013, a criminal complaint against the defendant was filed in this District. On January 10, 2013, the defendant was arrested at approximately 6:00 a.m. at his residence pursuant to an arrest warrant. Bradley stated that he approached Brown at 6:15 a.m., shortly after he had been placed in custody, while still at the defendant's residence, and that he orally read the defendant his <u>Miranda</u> rights from a advice of rights form ("FD-395") (Exhibit 1). Bradley testified that he asked Brown if he would speak with law enforcement agents, and that Brown responded that he would do so. According to Bradley, no further questions were asked until Brown was then transported to the FBI office. Bradley stated that they arrived at the FBI headquarters at approximately 6:45 *a.m.*, at which time Bradley presented the advice of rights form to Brown. Bradley testified that Brown read the advice of rights form, stated that he understood it, initialed and signed the form at 6:50 *a.m*. (Exhibit 1). Bradley and Homeland Security Agent Gregory Mango also signed the advice of rights form, however, Bradley stated that he mistakenly wrote 6:50 *p.m.* at the top of the form and below his signature as the time the form was executed. Bradley stated that Brown signed the advice of rights form at 6:50 *a.m.*, before making any substantive statement to the agents. A FBI-302 report dated January 15, 2013 (Exhibit 2), drafted by Bradley and Mango reflects that Brown was arrested at his residence at approximately 6:00 *a.m.*, that he was transported to the FBI office where he arrived at 6:48 *a.m.*; that Brown signed the advice of rights form at 6:50 *a.m.*; that Brown was transported from the FBI building to the federal courthouse at 7:48 *a.m.* arriving at 7:53 *a.m.*; that Brown met with pretrial services in the courthouse at 9:05 *a.m.*; that Brown appeared before Magistrate Judge Jeremiah J. McCarthy at

11:30 *a.m.*; and that Magistrate Judge McCarthy released Brown subject to various conditions at

11:55 *a.m.* (Exhibit 2).  At the time he drafted the FBI-302 report, Bradley recognized his error

in recording the time on the advice of rights form. In the FBI-302 report, Bradley included a  note

stating: "The FD-395 [the advice of rights form] indicates 6:50 *p.m.* and this was a mistake by

SA Bradley at the time of filling out the form. The actual time was 6:50 *a.m.*" (Exhibit 2 at page

2).  Bradley's handwritten notes corroborate this time line. (Exhibit 3). Mango's testimony

further corroborates the testimony provided by Bradley. Mango stated that Brown was arrested at

approximately 6:14 *a.m.*; that Bradley verbally appraised Brown of his Miranda rights using a

FD-395 form; that Brown was transported to the FBI building arriving between 6:45 and 6:50

*a.m.*; that Brown was not questioned during the transport; that upon arrival at the FBI building,

Brown was presented with the advice of rights form; and that Brown signed the form at 6:50 *a.m.*

The defendant's motion to suppress the statement is predicated upon the argument that if

he was not provided his rights until 6:50 *p.m.*, as stated on the FD-395 form, then any statement

he allegedly made earlier in the day would have been prior to the explanation of his <u>Miranda</u>

rights. The defendant states the advice of rights form was supposed to be filled out

contemporaneously with the execution of any waiver of <u>Miranda</u> rights, and that Bradley should

have known the difference between 6:50 a.m. and 6:50 p.m. (Docket No. 68 at pages 2-3).

Notwithstanding, the unrefuted evidence in the record reflects that Brown was arrested at

approximately 6:00 *a.m.*; that he was transported to the FBI building arriving at approximately

6:50 *a.m.*; that he was questioned by Bradley and Mango at the FBI building; that he was then

transported to the federal courthouse at 7:53 *a.m.*; that Brown met with pretrial services in the

courthouse at 9:05 *a.m.*; that Brown appeared before Magistrate Judge McCarthy at 11:30 *a.m.*;

and that Magistrate Judge McCarthy released Brown subject to various conditions at 11:55 *a.m*. (Exhibit 2).  In light of this undisputed record, and the fact that Bradley acknowledged his error in recording the time on the FD-395 form just a few days later in the FBI-302 report, the Court finds the testimony of Bradley and Mango credible to the effect that they presented the advice of rights form to Brown at the FBI building at approximately 6:50 *a.m.*, and that Brown initialed and signed the form at that time.  The record reflects that Brown was advised of his rights prior to making any statement on January 10, 2013. There is no basis in the record to conclude that Brown's written waiver of those rights mad was involuntarily or unknowingly.

Based on the above, it is recommended that the motion to suppress statements be denied.


## Conclusion

For the reasons stated above, the motion to suppress  (Docket No. 9) should be denied consistent with the above.

Pursuant to 28 U.S.C.  §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen(14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as W.D.N.Y.  Local Rule 72(a)(3).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME,  OR TO REQUEST AN EXTENSION OF TIME TO**

**FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** <u>Thomas v. Arn</u>, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed2d 435 (1985); <u>F.D.I.C. v. Hillcrest Associates</u>, 66 F.3d 566 (2d. Cir. 1995); <u>Wesolak v. Canadair Ltd.</u>, 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and W.D.N.Y.  Local Rule 72(a)(3).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  See <u>Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y.  Local Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72.3(a)(3)may result in the District Court's refusal to consider the objection.**

So Ordered.

<u>/s/ Hugh B. Scott</u>
United States Magistrate Judge
Western District of New York

Buffalo, New York
September 18, 2014

5