UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.  **DECISION AND ORDER**
     13-CR-037-A

REGINALD BROWN,

                Defendant.

The defendant, Reginald Brown, is charged by an Indictment returned on February 6, 2013, with two counts of possession with intent to distribute, and distribution, of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Defendant Brown appeals an order of Magistrate Judge Hugh B. Scott revoking defendant's pretrial release pursuant to 18 U.S.C. § 3148(b).

After a revocation hearing, Magistrate Judge Scott found defendant possessed and used cocaine, s*ee* Dkt. No. 48, p. 7; that no available condition or combination of conditions of release will adequately protect against the danger to the community posed by defendant's on-going drug abuse; and, that defendant is otherwise unlikely to abide by any conditions of pretrial release the Court could impose. *Id.* at 8-9. Upon *de novo* review of the Magistrate Judge's ruling, and for the reasons that follow, the Court affirms revocation of defendant's pretrial release.

## **BACKGROUND**

Defendant Brown was granted pretrial release secured by a $2,500 surety bond, by defendant's commitments to refrain from illegal drug use and to submit to drug abuse testing and treatment, among other mandatory conditions. A noncompliance report was submitted to the Court in May, 2013, after defendant tested positive for cocaine use approximately five times while on release, and defendant was ordered to undergo outpatient drug abuse treatment and to submit to increased drug testing while subject to electronic monitoring and a residential curfew. *See* Dkt. No. 14.

Despite heightened supervision, defendant Brown tested positive for cocaine again on June 13, 2013 and June 25, 2013. Defendant was arrested on July 3, 2013, based upon these violations, and he was held in custody until placement in an inpatient drug-treatment facility on July 15, 2013. Dkt. No. 19.

Defendant Brown completed inpatient treatment at Alcohol and Dependency Services on August 14, 2013, and was released from custody and placed with Horizon Health Services for further outpatient drug abuse treatment. Defendant was also placed in an eleven week behavioral skills program with United States Probation.

Unfortunately, defendant Brown again tested positive for cocaine on October 13, 2013. Defendant's pretrial release conditions were modified again by the Court to require 60 days of home detention while on electronic monitoring.

Yet again, on December 10, 2013, defendant Brown tested positive for cocaine. Two drug test urine samples from December 18, 2013 and December 30, 2013 were diluted[1]. Defendant was arrested for violating the conditions of his pretrial release on January 9, 2014.

On February 12, 2014, after delay related to a choice-of-counsel issue, Magistrate Judge Scott held a pretrial release revocation hearing under 18 U.S.C. § 3148(b). Defendant Brown's supervising Pretrial Services Officer testified during the hearing. Based upon the hearing testimony, and the full record before the Court, it was established defendant had tested positive for drug use a total of approximately 10 times, and admitted drug use approximately six times, during the approximate 11 months since he was first placed on pretrial release.

After post-hearing briefing, Magistrate Judge Scott entered an oral ruling revoking defendant's release pursuant to 18 U.S.C. § 3148(b). Dkt. Nos. 45, 48. The Magistrate Judge specifically found probable cause to believe defendant had criminally possessed cocaine when defendant tested positive for cocaine on or about December 10, 2013, though he did not find felony possession. Dkt. No. 48, p. 7. This appeal followed.

## DISCUSSION

A defendant who violates a condition of pretrial release may have pretrial release revoked. 18 U.S.C. §3148(a); *see United States v. LaFontaine*, 210 F.3d

---

[1] The Magistrate Judge did not rely on evidence of the diluted samples in his decision to revoke defendant Brown's pretrial release.

125 (2d Cir. 2000). A court will revoke release and order detention if, after a hearing, a:

> judicial officer (1) finds that there is — (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; (B) clear and convincing evidence that the person has violated any other condition of release; and (2) finds that — (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any person or the community; or (B) the person is unlikely to abide by any condition or combination of conditions of release.

18 U.S.C. §3148(b). Accordingly, the Court will, after *de novo* review, affirm revocation of defendant Brown's pretrial release and detain defendant if the Court: (1) finds probable cause to believe that defendant committed any crime while on release[2], or finds by clear and convincing evidence a violation of any other release condition; and (2) further finds that no conditions will insure against flight or dangerousness, or that the defendant is unlikely to abide by the conditions of release. 18 U.S.C. § 3148(b). The alternative finding that defendant is unlikely to comply with available release conditions need only be established by a preponderance of the evidence. *United States v. Gotti*, 794 F.2d 773, 777 (2d Cir. 1986).

---

[2] A finding of probable cause that a defendant committed a felony while on release gives rise to a rebuttable presumption that no conditions of release will assure that the defendant will not pose a danger to others. 18 U.S.C. § 3148(b). The Magistrate Judge appears to have mistakenly concluded even a misdemeanor triggers this presumption. Dkt. No. 48, p. 7; *but compare* N.Y. Penal Law § 220.03 *and* 21 U.S.C. § 844(a) *with* § 220.06 (misdemeanor cocaine possession compared to felony cocaine possession).

Defendant Brown argues primarily in support of his revocation appeal that evidence presented to Magistrate Judge Scott during the revocation hearing was legally insufficient to support revocation of release and his detention.  Specifically, defendant argues that the drug test results from December 10, 2013 proffered by the United States were unauthenticated hearsay, inadequately explained, and that evidence he proffered of a series of six negative drug tests, including test results from November 21, 2013 and December 17, 2013, show the proffered December 10, 2013 drug test to be unreliable evidence of that he actually used cocaine on or around that date.

Defendant Brown's attempts to challenge the sufficiency of the evidence of his violation of his pretrial release by his cocaine use are misplaced.  Although defendant correctly observes the December 10, 2013 positive drug test results were not presented during the revocation hearing in a form admissible under the Federal Rules of Evidence, a revocation hearing is not a trial or even a mini-trial. *United States v. LaFontaine*, 210 F.3d 125, 131-32 (2d Cir. 2000).  The Federal Rules of Evidence are not necessarily even applicable, Fed. R. Evid. 1101(d)(3), although, because defendant's personal liberty is involved, the Court carefully assesses the reliability of evidence and retains broad discretion to require a party to lay reliable foundations for items of evidence.  *LaFontaine, supra* at 131.

Pursuant to 18 U.S.C. § 3148(b)(1)(A), the applicable standard of proof of the positive drug test on December 10, 2013, is probable cause.  The Court finds

5

the proffer of evidence defendant Brown's positive drug test on December 10, 2013 to be more than sufficiently reliable to establish probable cause to conclude defendant used cocaine on or about that date. The record of the positive test, corroborated by the Pretrial Services Officer's related live testimony before the Magistrate Judge, was not impeached by other negative tests taken at other times[3].

Defendant Brown also argues, however, that the United States failed to proffer sufficient evidence to establish that he was unlikely to abide by the conditions of his release. The Court finds the argument without merit.

Defendant Brown tested positive for cocaine use approximately 10 times during an 11 month period, and he was counseleComing right upd by his supervising Officer, given warnings by the Court, inpatient drug treatment, an electronically-monitored curfew, behavioral-skills training, outpatient drug treatment, electronically-monitored home detention, and he still was unable to abide by the conditions of his release. Defendant specifically argues the United States failed to demonstrate that further residential supervision would not successfully permit him to abstain from his recurring drug abuse. But based upon defendant's recurring past drug abuse while on pretrial release, despite the extensive efforts made on his behalf by United States Probation and others, the evidence proffered by the United States establishes by the applicable preponderance of the evidence standard pursuant to § 3148(b)(2)(B) that

---

[3] The Court does not rely on evidence of the diluted drug-testing samples.

defendant is unlikely to abide by release conditions that he abstain from drug use and not commit further crimes.  Defendant's drug use poses a danger to the community, and in light of his deplorable history of pretrial supervision, the Court finds upon *de novo* review defendant is unlikely to abide by conditions of release necessary to assure the safety of the community.

## CONCLUSION

For the reasons stated above, the appeal of defendant Reginald Brown, Dkt. No. 55, of the Order of Magistrate Judge Hugh B. Scott revoking the pretrial release of defendant pursuant to 18 U.S.C. § 3148, Dkt. Nos. 45, 48, is denied. The parties shall appear for their previously scheduled meeting to set a date for plea or trial December 15, 2014 at 9:30 a.m.

**SO ORDERED.**

*Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated:   December 12, 2014